UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TREMELL L. COLLINS-SMITH, | : | PRISONER CASE NO. |
| Plaintiff, | : | 3:12-cv-187 (JCH) |
| | : | |
| v. | : | FEBRUARY 27, 2012 |
| | : | |
| SCOTT ERFE, et al., | : | |
| Defendants. | : | |

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names as defendants Warden Scott Erfe, Lieutenants Lisa Kmetz, Pollard and Burress and Correctional Officer Discordia. All defendants are named in their individual and official capacities. Although he references an injunction in his Complaint, the plaintiff seeks only damages and declaratory relief.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to

demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that the defendants harassed and discriminated against him based on his sexual orientation and used excessive force against him.  After careful review, the court concludes that the plaintiff should have the opportunity to have the defendants answer or otherwise respond to his claims.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)   The **Pro Se Prisoner Litigation Office shall** verify the current work addresses of each defendant, mail waiver of service of process request packets to each defendant in his or her individual capacity within **fourteen (14)** days of this Order, and report to the court on the status of those waiver requests on the **thirty-fifth (35)** day after mailing.

If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the

costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     The **Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on all defendants in their official capacities c/o Office of the Attorney General, 44 Elm Street, Hartford, CT 06141 within in **fourteen (14)** days from the date of this order and to file returns of service within **twenty (20)** days from the date of this order.

(3)     The **Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)     The **Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs

(5)     **Defendants shall** file their response to the Complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this Order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 27th day of February 2012, at Bridgeport, Connecticut.

                                                /s/ Janet C. Hall
                                                Janet C. Hall
                                                United States District Judge