UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TREMELL L. COLLINS-SMITH,<br>　　　Plaintiff, | :<br>: |
| | : PRISONER CASE NO. |
| v. | : 3:12-cv-187 (JCH) |
| | : |
| SCOTT ERFE, et al.,<br>　　　Defendants. | : FEBRUARY 5, 2013<br>: |

RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 37)

　　The plaintiff moves for summary judgment on his claims of harassment and use of excessive force.  The defendants oppose the Motion on the ground that the plaintiff has not complied with court rules in filing his Motion.  Although the plaintiff was afforded an extension of time, until January 15, 2013, to file a reply, he has neither filed a reply nor sought any additional time within which to file do so.

　　Rule 56(a)1, D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial or (2) evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement.  This specific citation requirement applies to pro se litigants as well as to attorneys.  Rule 56(a)4 also requires that the movant file a

memorandum in support of his motion.

The plaintiff's motion for summary judgment appears to be selected paragraphs from his Complaint. He has not filed a memorandum or a Local Rule 56(a)1 Statement. Instead he has filed a document entitled "Declaration" which describes attached exhibits and indicates which paragraph in his Motion each exhibit supports. Thus, the plaintiff has not complied with the local court rules.

Even if the court were to consider the plaintiff's Motion and "Declaration" the equivalent of the Local Rule 56(a)1 Statement, there is no motion or memorandum. In addition, none of the attached exhibits supports the plaintiff's claim that the defendants discriminated against him based on his sexual orientation. Although the exhibits, various incident reports, and disciplinary reports support the contention that force was used, the plaintiff has provided no evidence that the force was excessive under the circumstances described in the reports. Thus, summary judgment in the plaintiff's favor is not warranted.

Accordingly, the plaintiff's motion for summary judgment (Doc. No. 37) is **DENIED**. The deadlines established in this case have passed. The defendants are advised that if they intend to file a motion for summary judgment in this case, they should do so by **February 28, 2013.** If no motion is filed, the case will be set down for trial.

**SO ORDERED** this 5th day of February 2013, at New Haven, Connecticut.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge